Johnson and others, Plaintiffs and Respondents, vs. Armi-
tage and another, Defendants and Respondents : Shafer
and another, Impleaded Defendants and Appellants.

*September 15—October 12, 1948.*

For the appellants there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Edward J. Byrne*.

*Stanley A. Staidl* of Appleton, for the respondent Clifford E. Johnson.

For the respondents Donald Armitage and Farmers Mutual Automobile Insurance Corporation there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David Fulton*.

WICKHEM, J. The accident occurred on July 20, 1946, at 5 o'clock in the afternoon on United States Highway 10, a two-lane eighteen-foot highway running in a generally easterly and westerly direction. The highway had gravel shoulders six feet in width and the distance from the edge of the shoulder to the fence line was twenty feet. In the vicinity of the accident there was a driveway taking off from the north side of the highway to the Schultz farm. This was twenty feet in width. On the south side of the highway was a similar driveway into the Schueler farm. The east boundary of this driveway was approximately due south of the west boundary of the Schultz driveway. There is a very slight upgrade to the west beginning at a point some distance east of the Schultz driveway but a clear view from either driveway for

about a quarter mile in each direction. The day was clear and bright and the pavement was dry. The impleaded defendant Shafer, a well driller, was driving his pickup truck west on Highway 10 at about thirty miles per hour, dragging a trailer on which there was mounted a motor and air compressor. When about fifty feet east of the Schultz driveway a front tire of the trailer blew out. He determined that he could not make the turn into the Schultz driveway and stopped his vehicle on the north side of the highway, the rear end of his trailer being some twenty to forty feet west of the Schultz driveway. The left wheels were on the concrete about ten inches according to Shafer, and about three feet according to another witness. There were other estimates and they vary from eight to eighteen inches. Shafer and his helper commenced to jack up the trailer to change the tire and were engaged in this occupation when a collision between plaintiffs' car and that of the original defendant, Armitage, took place. Johnson was driving east at from thirty-five to forty-five miles an hour. He was concededly on his right half of the pavement. The Armitage car was proceeding westerly and at a point one hundred to two hundred feet east of the Schultz driveway pulled out to pass another westbound car and came into collision with the Johnson car. He claims to have noticed the Shafer vehicle when he came abreast of the car which he sought to pass. In an attempt to avoid the collision with Johnson, Armitage turned to his left and attempted to drive into the Schueler driveway. Johnson made the same maneuver and the cars came into collision.

Defendant Shafer contends that there is no evidence to support the finding of the jury that his negligent parking was a cause of the collision between Armitage and Johnson. Armitage testified that had it not been for the presence of the Shafer car he could have made the passing he was attempting and have returned to his right side of the road in time to avoid a colli-

sion. He contends that the jury was entitled to accept this conclusion as evidence in preference to other evidence in the case and that it supports the verdict.

All of the testimony in the case including that of Armitage is that the Armitage car was approximately abreast of the car he was passing at a point opposite the north driveway. Armitage testified that he was going about thirty miles an hour at this time while other testimony puts his speed at from fifty to sixty miles an hour. We conclude that there is no evidence to support a finding that the parked car was a cause of the collision. It is beyond dispute that the Armitage car was abreast of the car he sought to pass at a point not more than twenty feet from the place of collision. It had taken him at least one hundred feet to come that close to passing. He could not possibly have accomplished the passing and returned to his right side of the highway in time to avoid the collision. Armitage claims that the jury could have found, (1) that at a point opposite the Schultz driveway he was somewhat ahead of the car he was passing, or (2) that he was abreast the other car before he reached the Schultz driveway, or (3) that he was going at the rate of sixty miles per hour as testified by others and not at thirty miles per hour as he had testified. Armitage contends that after so concluding the jury could then treat as an established fact his opinion as to his ability safely to pass and to return to his own side.

Assuming that the jury could pick and chose parts of the evidence of Armitage and other witnesses and reject other parts of the same testimony, a point which we shall not labor, the evidence is clear and undisputed that the Armitage car was much too close to the point of collision at any testified speed to make it possible for him to pass and get back to his right-hand side of the road.

The evidence is clear that the conduct of Armitage was in no manner affected by the presence of the parked car. See

*Kitter v. Lenard,* 235 Wis. 411, 291 N. W. 814.   It follows that the judgment must be reversed as to impleaded defendants.

On appeal of defendant, Armitage, attack is made upon the award of damages.   The jury assessed Johnson's personal injuries at $1,500.   The trial court reduced this to $1,000 and ordered a new trial unless plaintiff would exercise an option to accept this amount.   This plaintiff did.   The character of the option given indicates that the trial court considered $1,000 to be the lowest verdict sustainable against a contention of inadequacy.   Johnson had some brush burns on the left side of his face and sustained some bruises in that area.   He lost but a day or two from work and fully recovered at the time of trial from the burns and bruises.   There is, however, evidence that prior to the accident Johnson had normal vision in each eye; that he suffered a cut over the left eye and a blow to the left side of his head.   He testified that after the accident he began to notice a gradual loss of vision in his left eye and at the time of the trial it is undisputed that while his right eye is approximately normal in vision, his left eye has sustained a very marked impairment.   Plaintiff's medical witness found some muscular weakness in the left eye and concluded that his condition was due to "muscle imbalance."   In other words the muscle rotating both eyes was weak on the left side.   He said that this could be the result of a blow.   It appears to us that under the doctrine of *Biever v. Szultek, ante,* p. 134, 33 N. W. (2d) 246, the jury were entitled to conclude that the accident had resulted in impairment of vision and under these circumstances the conclusion of the trial court that a verdict of less than $1,000 would be set aside as inadequate must be sustained.

Upon the appeal of impleaded defendants Allan Shafer and Home Mutual Casualty Company the judgment as to them should be reversed and the complaint dismissed.   The judg-

ment as to Donald Armitage and Farmers Mutual Automobile Insurance Corporation must be affirmed.

*By the Court.*—Judgment reversed as to Allan Shafer and Home Mutual Casualty Company, and affirmed as to Donald Armitage and Farmers Mutual Automobile Insurance Corporation, and cause remanded with directions to enter judgment in accordance with this opinion.